1

2

3

4                      UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7   BENIGNO G. CHICO, et al.,
                                           Case No.  20-cv-01963-PJH
8           Plaintiffs,

9      v.                                  **ORDER GRANTING MOTION TO
                                           DISMISS AND DISMISSING CASE
10   WELLS FARGO BANK, N.A., et al.,       FOR FAILURE TO PROSECUTE**

11          Defendants.                    Re: Dkt. No. 10

12

13

14          Before the court is defendants Wells Fargo Bank, N.A. ("Wells Fargo") and U.S.

15   Bank, N.A., as Trustee For Structured Asset Investment Loan Trust, Mortgage Pass-

16   Through Certificates, Series 2005-7's ("U.S. Bank" and, together with Wells Fargo,

17   "defendants") motion to dismiss.  Plaintiffs Benigno G. Chico and Helen O. Chico

18   ("plaintiffs") did not file an opposition to defendants' motion to dismiss and, accordingly,

19   the court issued an order to show cause why this case should not be dismissed for failure

20   to prosecute.  Dkt. 16.  The court ordered plaintiffs to file an opposition or statement of

21   non-opposition not more than seven days from the date on which the order to show

22   cause was issued.  Id. at 1.  Plaintiffs have not complied with the order to show cause.

23   Having read defendants' papers and carefully considered their arguments and the

24   relevant legal authority, and good cause appearing, the court hereby rules as follows.

25          Plaintiffs filed their complaint in Alameda County Superior Court on February 18,

26   2020.  Dkt. 1 at 11.  Defendants removed this action to federal court on March 19, 2020

27   (Dkt. 1) and on March 27, 2020, they filed the present motion to dismiss.  Dkt. 10.  The

28   court ordered the parties to participate in an early alternative dispute resolution call (Dkt.

United States District Court
Northern District of California

1   12), which occurred on April 13, 2020 (Dkt. 15).  The parties did not reach a resolution.

2   Defendants' motion remained pending during this time and plaintiffs failed to file an

3   opposition in the time period required by Civil Local Rule 7-3.  As discussed, the court

4   issued an order to show cause recounting this same procedural history and requiring

5   plaintiffs to submit an opposition or statement of non-opposition within seven days of the

6   order, which was dated April 27, 2020.  Dkt. 16.  The court warned plaintiffs that failure to

7   comply with the order could result in a dismissal of their case for failure to prosecute and

8   failure to follow a court order.  Id. at 2.  The deadline to file an opposition has since

9   passed and no opposition, timely or otherwise, has been filed.

10        Federal Rule of Civil Procedure 41(b) permits a district court to dismiss an action

11   for failure to comply with any order of the court.  Ferdik v. Bonzelet, 963 F.2d 1258, 1260

12   (9th Cir. 1992).  In addition, a party's failure to oppose a motion to dismiss is also

13   grounds for dismissal.  Feinberg-Tomahawk v. City & Cty. of San Francisco, No. 14-CV-

14   02275-JD, 2014 WL 3752031, at *1 (N.D. Cal. July 29, 2014) (citing Espinosa v. Wash.

15   Mut. Bank, No. C 10–04464 SBA, 2011 WL 334209, at *1 (N.D. Cal. Jan. 31, 2011); and

16   Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam)).  "In determining whether

17   to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court

18   must weigh the following factors: (1) the public's interest in expeditious resolution of

19   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

20   defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public

21   policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639,

22   642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260–61).  Dismissal is appropriate "where

23   at least four factors support dismissal . . . or where at least three factors 'strongly' support

24   dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (quoting

25   Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

26        Here, four factors favor dismissal.  First, "[t]he public's interest in expeditious

27   resolution of litigation always favors dismissal."  Id. (citing Yourish v. Cal. Amplifier, 191

28   F.3d 983, 990 (9th Cir. 1999)).  By failing to file an opposition or respond to the order to

United States District Court
Northern District of California

United States District Court
Northern District of California

1    show cause, plaintiffs delay resolution of this litigation.  Second, "[i]t is incumbent upon

2    the Court to manage its docket without being subject to routine noncompliance of

3    litigants." Id. (citing Ferdik, 963 F.2d at 1261).  Again, plaintiffs have failed to comply with

4    the Local Rules and a court order.  This failure is especially notable as plaintiffs are

5    represented by counsel and not proceeding pro se.

6          Third, "[t]o prove prejudice, a defendant must establish that plaintiff's actions

7    impaired defendant's ability to proceed to trial or threatened to interfere with the rightful

8    decision of the case." Id. (citing Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir.

9    1987)).  "[T]he risk of prejudice to the defendant is related to the plaintiff's reason for

10   defaulting . . . . on the judge's order." Yourish, 191 F.3d at 991–92.  Further, "a

11   presumption of prejudice arises from a plaintiff's unexplained failure to prosecute."

12   Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 753 (9th Cir. 2002).  Here, plaintiff has

13   provided no reason for failing to respond.  The failure to provide any reason counsels in

14   favor of dismissal. See Espinosa, 2011 WL 334209, at *2 ("Here, Plaintiffs have offered

15   no explanation for their failure to respond nor is any apparent from the record."); see also

16   L.S.F. v. Coll. Bd., 19-cv-06560-TSH, 2020 WL 1866475, at *1 (N.D. Cal. Mar. 27, 2020)

17   (finding failure to respond to order to show cause and offering no explanation as weighing

18   in favor of dismissal).

19         Fourth, "a district court's warning to a party that failure to obey the court's order

20   will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik,

21   963 F.2d at 1262 (quoting Malone, 833 F.2d at 132–33).  This court's order to show

22   cause explicitly cautioned plaintiffs that failure to respond "will result in dismissal of the

23   action for failure to prosecute, and to comply with a court order." Dkt. 16 at 1–2.

24         Fifth, "[p]ublic policy favors disposition of cases on the merits.  Thus, this factor

25   weighs against dismissal." Pagtalunan, 291 F.3d at 643 (citing Hernandez, 138 F.3d at

26   399).  While this factor weighs against dismissal, the foregoing four factors weigh in favor

27   of dismissing this action.

28   / / /

1    For the foregoing reasons, defendants' motion to dismiss is GRANTED.  The court

2  DISMISSES this action WITH PREJUDICE for failure to prosecute.

3        **IT IS SO ORDERED.**

4  Dated: May 14, 2020

5                                          /s/ Phyllis J. Hamilton
                                           PHYLLIS J. HAMILTON
6                                          United States District Judge

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    4